UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ABEL SALAZAR, | ) |
| Petitioner, | ) ) ) |
| vs. | ) Case No. 1:13-cv-01293-JMS-DML |
| K. BUTTS Warden, Superintendent, | ) ) ) |
| Respondent. | ) ) |

**Entry Discussing Petition for Writ of Habeas Corpus**

The petition of Abel Salazar for a writ of habeas corpus challenges a prison disciplinary proceeding identified as NCF 13-05-0082. For the reasons explained in this Entry, Salazar's habeas petition must be **denied**.

**Discussion**

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

1

**B. The Disciplinary Proceeding**

Salazar was charged with violating prison rules by attempting to traffic. The conduct report states:

> I Officer Tucker B. on the above date and approximate time opened the door to pod 3 in delta unit where offender Salazar doc 119618 came out to retrieve chemicals for pod 3. As offender Salazar doc 119618 was retrieving the chemicals he had dropped a note near the toilet paper I had confiscated earlier in the day which was located near the chemicals. Offender Salazar doc 119618 told me (officer Tucker) that he had put that note in that spot. I officer Tucker then quickly put offender Salazar doc 119618 back in pod 3 and retrieved the note. When I officer tucker B opened the letter I Quickly noticed offender Salazar doc 119618 was trying to get me to bring in a pack of ciggarette (sic).

On May 10, 2013, Salazar was notified of the charge of Attempted Trafficking and served with the conduct report and the notice of disciplinary hearing screening report. Salazar was notified of his rights and pled not guilty. Salazar did not request witnesses, and did not request any physical evidence.

On May 13, 2013, a hearing officer conducted a disciplinary hearing and found Salazar guilty of the charge. Based on the hearing officer's recommendations, the following sanctions were approved: forty-five days of lost telephone and commissary privileges, a one-hundred fifty (150) day deprivation of earned credit time, and a demotion from Credit Class 1 to Credit Class 2. Salazar's administrative appeals were unsuccessful.

**C. Analysis**

Salazar seeks relief in his petition for habeas corpus on two grounds.[1] First, Salazar argues that he was not notified of the charges alleged against him in his native language as required by Indiana Department of Corrections ("DOC") policy 02-04-101. See dkt. 10-1. Second, he argues that the evidence was insufficient to find him guilty of Attempted Trafficking.

---

[1] Salazar's traverse states that he raises one claim, but the substance of his arguments reflect otherwise.

Salazar's first argument, that he was not notified of the charges in his native language as required by DOC policy, is not persuasive. A violation of DOC policy does not entitled him to relief because federal habeas relief is only available for a violation of the U.S. Constitution or other federal laws. *See Estelle v. McGuire*, 502 U.S. 62, 67-8 (1991). In addition, Salazar has not provided any evidence that the failure to inform him of the charges in his native language caused him any harm. At the disciplinary hearing, Salazar claimed that the note referenced in the conduct report did not contain his writing, that he did not put the note in the spot where it was found, and that he did not tell Officer Tucker anything. This testimony demonstrates that Salazar knew what the charge was and defended against that charge by saying he did not do it. Salazar has not pointed to any additional evidence he would have provided had he been notified of the charge in his native language.

Next, Salazar argues that the evidence was insufficient to find him guilty. The "some evidence" standard is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). A rational adjudicator could readily conclude from the content and surrounding circumstances of the note referenced in the conduct report in No. 13-05-0082 that Salazar was attempting to traffic contraband into the prison. *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the . . . [conduct board's] decision only if no reasonable adjudicator could have found . . . [the petitioner] guilty of the offense on the basis of the evidence presented"), *cert. denied,* 115 S. Ct. 314 (1994); *see also Hill*, 472 U.S. at 457 ("The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board."). A conduct report alone may suffice as Asome

evidence.@ *McPherson,* 188 F.3d at 786; *see also Webb,* 224 F.3d at 652 (even "meager" proof is sufficient).

Salazar claims that the conduct report should be disregarded because it contains false statements and hearsay. The fact that Salazar disagrees with the substance of the conduct report is not sufficient to obtain habeas relief. The conduct report is written by someone with personal knowledge of the contents of the letter. Under these circumstances, the use of hearsay in a disciplinary proceeding is not objectionable. *See Jackson v. Carlson,* 707 F.2d 943, 948 (7th Cir. 1983) (finding hearsay statements sufficient to support disciplinary charges).

Finally, Salazar claims that video evidence would prove his innocence. But, Salazar did not request video evidence and no video evidence was reviewed by the hearing officer. A[O]nly evidence that was presented to the [hearing officer] is relevant" to whether the hearing officer's decision was supported by some evidence. *Hamilton v. O'Leary,* 976 F.2d 341, 346 (7th Cir. 1992).

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Salazar to the relief he seeks. Accordingly, Salazar's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 04/01/2014

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

4

Distribution:

ABEL SALAZAR
DOC # 119618
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Kathy Jo Bradley
OFFICE OF THE ATTORNEY GENERAL
kathy.bradley@atg.in.gov